STATE EX REL. INTERNATIONAL BUSINESS MACHINES CORPORATION, Respondent, vs. NESEMANN, Village Clerk, and others, Appellants.

*April 11—May 9, 1939.*

*Lyman C. Conger* of Kohler, for the appellants.

For the respondent there was a brief by *Currie & Leberman* of Sheboygan, attorneys, and *Fred W. Genrich* of Wausau and *A. L. Hougen* of Manitowoc of counsel, and oral argument by *George R. Currie, Fred W. Genrich,* and *A. L. Hougen.*

NELSON, J. This controversy concerns the correctness of an assessment of certain personal property belonging to the plaintiff, which was located in the village of Kohler, on May 1, 1938. The property consisted of tabulating machines which had theretofore been leased by the plaintiff to the Kohler Company. The property was assessed by the assessor at $31,000. The plaintiff thought the valuation of its property too high and challenged the assessment before the board of review. Sec. 70.47 (2), Stats. At the hearing before the board the plaintiff adduced testimony in support of its contention that the assessment was too high. W. T. Westphal, plaintiff's district manager for the state of Wisconsin and the upper peninsula of Michigan, H. T. Hansford of Paterson, New Jersey, chief accountant in charge of all of the plaintiff's general accounting records, and M. G. Connally, plaintiff's tax counsel, testified on behalf of the plaintiff. Gilbert Buffington, assessor of the village of Kohler, testified in support of the assessment. He testified that during the year 1937 he assessed the property in question for $35,000; that in 1938, he depreciated the property ten per cent and cut the assessment to $31,000, and that he reached his conclusion as to true cash value by capitalizing gross annual income at a rate of twenty per cent. The gross income paid by the

Kohler Company for the services agreed to be rendered by the plaintiff and for the use of the machines was $7,320.

The testimony adduced by the plaintiff was substantially the same as that recited in *State ex rel. I. B. M. Corp. v. Board of Review, ante,* p. 303, 285 N. W. 784. It is so similar that no useful purpose would be served by reviewing it in this opinion.

The board reduced the assessment to $25,800. It arrived at that valuation by deducting from the gross rental of $7,320, $940.32 for depreciation, $524.15 for salaries, and $694.62 for maintenance, a total of $2,159.09, and capitalized the balance of $5,160.91 at twenty per cent. The three amounts which the board deducted from gross income were taken from a certain exhibit offered by the plaintiff and received in evidence. That exhibit analyzed the gross revenues, costs, and expenses, and income under the Kohler Company contracts. That analysis showed that the gross revenues were $7,320, that $2,562 was allocable to the system services of the staff, that $1,830 was allocable to patent licenses and royalties, and $2,928 was allocable to machine rentals and maintenance. The board took the gross revenues of $7,320, ignored the $2,562 allocated to the system services of the staff, the $1,830 allocated to patent licenses and royalties, and still other deductions which the said analysis tended to show the plaintiff was entitled to. Taking into account the gross revenue only, not the amount allocable to machine rentals and maintenance and making the deductions mentioned, obviously constituted a garbled use of the analysis and practically amounted to an assessment based upon gross income or revenue.

This action was argued at our bar on the same day that *State ex rel. I. B. M. Corp. v. Board of Review, supra,* was argued, and is ruled by the law of that case. There are no facts in this case which properly can be considered as a basis for distinguishing the ruling there from the ruling here.

*By the Court.*—Judgment affirmed.